## ANDREW MUCCIANTE*
*vs.*
## CITY OF NEW HAVEN

Superior Court    New Haven County    File No. 55026

MEMORANDUM FILED APRIL 3, 1941.

*James A. Morcaldi,* and *Robert H. Alcorn,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, of New Haven, for the Defendant.

BALDWIN, J.   The plaintiff in his complaint alleges that he is the owner of the parcel of land described and that the defendant about July 1, 1934, constructed a fence across a portion of his land so as to include some of the land owned by the plaintiff in the defendant's municipal golf course which defendant maintained and which adjoined this land claimed by the plaintiff.

In an amendment to the complaint the plaintiff added three counts. In the second count he alleged that the defendant by the construction of the fence wrongfully dispossessed the plaintiff and has ever since kept him out of possession.

In the third count plaintiff claims to be the owner of another parcel of land therein described and that the defendant has fenced this land in with land on which it maintains its municipal golf course and that defendant has ousted plaintiff from possession of this land.

The defendant claimed to be the owner of the land in question.

In the fourth count the plaintiff alleges that property of the defendant adjacent to property of the plaintiff is used by defendant as a municipal golf course and that as a result of

* See Mucciante vs. City of New Haven, infra, p. 337.

such use servants, agents, employees, licensees, permittees and invitees, drive certain golf balls upon land of the plaintiff, causing him annoyance and inconvenience, and in order to reclaim such balls the persons referred to trespass upon his land preventing his quiet and peaceful enjoyment of his property.

The plaintiff claimed a declaratory judgment decreeing him to be the absolute owner in fee simple of the land described in the first count; a decree quieting and settling the title to the land described in the first count; that the defendant be ordered to remove the fences enclosing a part of the parcel described in the first count, and "that the court make such other and further declarations and grant such other and further relief as shall be equitable and just including an allowance to the plaintiff for the costs of this action and litigation in favor of the plaintiff and a reasonable attorney's fee as is provided by law." The plaintiff sought an injunction prohibiting the servants, agents, employees, licensees, permittees and invitees from trespassing either by themselves or by means of golf balls upon his land; judgment quieting title to the disputed areas, and accounting of rents and profits and other and further equitable relief.

The matter was referred to the Hon. John W. Banks, a State Referee, who heard and reported the facts.

The trial revolved around the ownership of the land in question. The state referee found and reported that the defendant had not ousted the plaintiff from any of the land owned by the plaintiff. A remonstrance to the report was overruled and judgment directed to be entered upon the report.

The report included the following, paragraph 15: "The fairway of the eighth hole of defendant's golf course adjoins the plaintiff's property on the west from which it is separated by the fence built by the City. If a player hooks his drive from the eighth tee the ball may go over the fence and land upon plaintiff's property. This has frequently occurred and players and caddies have on such occasions trespassed upon plaintiff's property to recover the balls. There was no proof that this has caused any substantial damage to the plaintiff."

There was, in fact, no proof of any damage.

The memorandum of decision overruling the remonstrance,

accepting the report of the state referee and directing judgment on the report, was filed March 4, 1941, and now the plaintiff asks that the court further consider the matter and grant the injunction prayed for. The injunction prayed for is "An injunction prohibiting the servants, agents, employees, licensees, permittees and invitees from trespassing either themselves or by means of golf balls upon his land." The trespassers are unnamed and are not parties to the action. In this situation the court cannot decree effective injunctive relief even if other conditions were shown to exist justifying such relief.

Judgment should enter for the defendant upon the report of the state referee in accordance herewith.